Markaj v. Barr

BIA
A096 263 931

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:
    GUIDO CALABRESI,
    RAYMOND J. LOHIER, JR.,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

DENADA MARKAJ,
        *Petitioner,*

    v.                                      17-3693
                                            NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Erin O'Neil-Baker, Hartford
                       Legal Group, LLC, Hartford, CT.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Leslie McKay,
                       Senior Litigation Counsel;
                       Madeline Henley, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Denada Markaj, a native and citizen of Albania, seeks review of a January 31, 2018 decision of the BIA, denying her motion to reopen. *In re Denada Markaj,* No. A096 263 931 (B.I.A. Jan. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Markaj argued that conditions in Albania had materially changed for members of both the Greek Orthodox church and a proposed social group of unaccompanied women such that she was eligible for asylum.

It is undisputed that Markaj's 2017 motion to reopen was untimely filed more than eight years after her removal order became final in 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has

2

been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Markaj failed to demonstrate such conditions.

As the BIA found, Markaj's evidence does not discuss the persecution of any Greek Orthodox practitioners, much less increased persecution. Further, the BIA reasonably concluded that evidence of sporadic attacks against ethnically Greek Albanians was not material because Markaj is not ethnically Greek and such incidents were on the decline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA also did not err in concluding that Markaj had not established that conditions had materially changed for her proposed social group of unaccompanied women. Although the country conditions evidence states that Albanian women are subject to employment and societal discrimination and domestic violence, it does not discuss unaccompanied women and thus does not establish that such women are viewed as a distinct group in Albania or that conditions for such women have materially changed. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re M-E-V-G-*, 26 I. & N. Dec. 227, 237, 244 (B.I.A.

3

2014) (providing standard for social group).

Accordingly, because Markaj did not establish a material change in country conditions, the BIA did not abuse its discretion in denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). Because this finding is dispositive, we do not reach her arguments regarding her prima facie eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4